UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tony A. Pitts, # 280579, | ) C/A No. 9:10-3206-TLW-BM |
|                Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| State of South Carolina, | ) |
|                Respondent. | ) |

Petitioner is an inmate at the Tyger River Correctional Institution of the South Carolina Department of Corrections, where he is serving a sentence of thirteen (13) years for first-degree criminal sexual conduct with a minor and lewd act with a child. Petitioner's convictions were entered in the Court of General Sessions for Anderson County on December 12, 2001, pursuant to a plea of *nolo contendere*. The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that petitioner's projected release date is December 27, 2012. Petitioner is not eligible for parole or supervised furlough, and will be required to register as a sex offender when he is released.

In the above-captioned case, Petitioner has submitted a "PETITION FOR WRIT OF ERROR CORAM NOBIS[.]" Petitioner raises two (2) grounds in the petition: (1) violation of



1

Petitioner's *Miranda* rights;[1] and (2) involuntary guilty plea. In the petition, Petitioner outlines the history of his criminal case and his three post-conviction cases (Case No. 2002-CP-04-2008; Case No. 2005-CP-04-1140; and Case No. 2009-CP-04-00764). An exhibit submitted by Petitioner (ECF No. 1, at page 2) reveals that the Supreme Court of South Carolina dismissed the appeal in Case No. 2009-CP-04-00764 on July 12, 2010.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even when considered under this less stringent standard, however, the Petition is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

It is arguable that Petitioner, as a state prisoner, cannot bring a *coram nobis* action in federal court because the writ of *coram nobis* has been abolished. *See* Fed. R. Civ. P. 60(b) ("Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."); *Lowery v. McCaughtry*, 954 F.2d 422, 423-24 (7th Cir. 1992); *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984) (noting abolition of "writs of coram nobis, coram vobis, audita querela, bills of review, and bills in the nature of a bill of review"); *McKelvey v. Rivera*, Civil Action No. 4:10-422-HFF-TER, 2010 WL 2985965, *1 n. 3 (D.S.C. June 18, 2010) ("The writ of *coram nobis* has been abolished in federal civil practice."), adopted, 2010 WL 2985963 (D.S.C. July 27, 2010), *affirmed*, *McKelvey v. Rivera*, No 10-7253 2010 WL 5439707 (4th Cir. Dec 29, 2010); and *Mosbarger v. Superior Court of Contra Costa*, No. C 95-4072 MMC, 1995 WL 743721 (N.D. Cal. Dec. 8, 1995); *but see United States v. Denedo*, 129 S.Ct. 2213, 2226 (2009). Further, even if still a valid procedure, Petitioner has filed his petition for a writ of *coram nobis* in the wrong court, as a petition for writ of *coram nobis* or a petition for writ of *coram vobis* is to be filed in the court in which the judgment was rendered. *See Lowery v. McCaughtry*, 954 F.2d at 423; and *Mosbarger v. Superior Court of Contra Costa*, 1995 WL 743721, *1 n. 2. The judgments at issue were rendered in the South Carolina Court of General Sessions, not this Federal Court.

With respect to his convictions for first-degree criminal sexual conduct with a minor and lewd act with a minor, Petitioner's sole *federal* remedy is a writ of habeas corpus under 28



3

U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). While Petitioner has exhausted his state remedies, he has, even if this matter is considered under § 2254, submitted a successive petition, requiring its dismissal.

In *Tony Anthony Pitts v. State of South Carolina, et al.*, Civil Action No. 0:06-2888-TLW-BM, Petitioner previously sought § 2254 relief in this Court. In an Order filed in Civil Action 0:06-2888-TLW-BM on August 21, 2007, the Honorable Terry L. Wooten, United States District Judge, granted summary judgment to the respondents, and dismissed the petition *with prejudice*. Petitioner's appeal (Fourth Circuit Docket No. 07-7328) in Civil Action 0:06-2888-TLW-BM was not successful. *Pitts v. State of South Carolina, et al.*, No. 07-7328, 279 Fed.Appx. 271, 2008 WL 2184569 (4th Cir. May 27, 2008), *cert. denied*, *Pitts v. Cohen*, 172 L.Ed.2d 626, 129 S.Ct. 644 (2008).

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action 0:06-2888-TLW-BM was decided by summary judgment, and was dismissed with prejudice, the petition in the above-captioned case (Civil Action No. 9:10-3206-TLW-BM) is successive, and leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *In re*

*Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.").

There is no indication in the present petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case. Therefore, before Petitioner may proceed with this Petition in the United States District Court for the District of South Carolina, he **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517). *See In re: Williams*, 330 F.3d 277 (4th Cir. 2003). The form is entitled "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244."

## *Recommendation*

Accordingly, it is recommended that the "PETITION FOR WRIT OF ERROR CORAM NOBIS" be dismissed *without prejudice and without requiring Respondent to file an answer or return*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any

5

exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

      Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 1
February ____, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



7